IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNION FEDERAL SAVINGS & LOAN
ASSOCIATION,

      Plaintiff,      ORDER

 v.

                     11-cv-542-wmc

RANDY L. PAUL, DAN SCHILLING,
CITY OF MADISON and MADISON GAS
& ELECTRIC COMPANY,

      Defendants.

---

  Defendant Randy L. Paul has filed a notice of removal of a state foreclosure action filed in the Dane County Circuit Court. In its complaint, plaintiff Union Federal Savings and Loan Association alleges that Paul defaulted on repayment of loans totaling over $1.2 million and seeks to foreclose and sell the three parcels of real estate securing the loans. Union Federal filed a motion to appoint a receiver and two motions for a pretrial hearing, while Paul has filed counterclaims, a motion to dismiss the case and a motion to strike Union Federal's motion to appoint a receiver. After considering the parties' submissions, the court will give Paul an opportunity to supplement his notice of removal with further proof of the parties' citizenship in order to satisfy the court's diversity jurisdiction.

OPINION

  Under 28 U.S.C. § 1446(c)(4), a district court is to examine a notice of removal to determine whether it appears on its face or from the attached exhibits that an order for summary remand must be issued. An action may be removed from state to federal court if

the federal district court would have had subject matter jurisdiction over the complaint had it been filed originally in federal court. 28 U.S.C. § 1441. In determining whether removal is proper under § 1441, a district court must construe the removal statute narrowly and resolve any doubts regarding subject matter jurisdiction in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 576 (7th Cir. 1982).

Generally, federal courts have the authority to hear two types of cases: (1) those in which the plaintiff alleges a violation of his or her constitutional rights or rights established under federal law, 28 U.S.C. § 1331; and (2) those in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state exceeding the sum or value of $75,000, 28 U.S.C. § 1332. In his notice of removal, Paul purports to invoke both the court's federal question and diversity jurisdiction. This court does not, however, have federal question jurisdiction over this state-law mortgage foreclosure case. *Hilgeford v. Peoples Bank*, 776 F.2d 176, 179 (7th Cir. 1985) (Mortgage foreclosure cases are relegated traditionally to state law); *Hammond v. Kunard*, 889 F. Supp. 1084, 1090 (C.D. Ill. 1994) (same). Paul states that the case involves "substantial federal questions involving Substantive and Procedural Due Process Rights," but when determining whether removal is proper, a court may only examine the face of the well-pleaded complaint and cannot rely on an anticipated defenses. *Vaden v. Discover Bank*, 556 U.S. 49, 56 (2009). Based on the face of the complaint, it is clear that this action does not arise under the Constitution, laws, or treaties of the United States, and no federal jurisdiction exists under 28 U.S.C. § 1331.

Whether the court can exercise diversity jurisdiction over this case is less clear. The amount in controversy requirement is met by the fact that Union Federal seeks repayment of almost $1.2 million. Paul, however, has not yet met his burden of showing that the parties are diverse. *Chase v. Shop n' Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) ("[P]arty seeking to invoke federal diversity jurisdiction [] bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met.").

On the "Civil Cover Sheet" form attached to his notice of removal, Paul states that he is a citizen of Wisconsin and that Union Federal is a citizen of another state, without specifying which state or the information on which Paul relied in making this statement. In addition, the court takes notice that defendant City of Madison is a Wisconsin municipality. Paul does not, however, provide the citizenship of defendant Dan Schilling or defendant Madison Gas & Electric Company. Paul's civil cover sheet merely lists addresses for these parties. The complaint states that defendant Dan Schilling resides in Wisconsin, but this is not enough. "[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). As for Madison Gas & Electric, a corporation's citizenship for diversity purposes is determined by its place of incorporation and its principal place of business. *Moore v. Gen. Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996); 28 U.S.C. § 1332(c)(1).

In order for the court to determine that the plaintiff and all defendants are diverse, Paul will have to submit a supplement to his notice of removal that verifies the citizenship of plaintiff Union Federal and defendants Schilling and Madison Gas & Electric. Paul will have until February 27, 2012, to submit this supplement. Failure to comply with this deadline will result in the remand of the case.

In its brief opposing Paul's motion to dismiss, Union Federal argues that the case should be remanded even if there is diversity jurisdiction, pointing out that since Paul is a Wisconsin citizen, he had no right to remove this action in the first place. 28 U.S.C. § 1441(b) (actions are only removable under diversity of citizenship jurisdiction if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). And this argument would have prevailed but for its untimeliness. Union Federal concedes that it did not file a motion to remand the case within 30 days of the notice of removal as it is required to do under 28 U.S.C. § 1447©, (its brief in opposition to Paul's motion to dismiss was filed September 16, 2011, six weeks after the notice of removal), but asks the court to remand the case *sua sponte*. Unfortunately, the court cannot do so. *In re Continental Cas. Co.,* 29 F.3d 292, 294 (7th Cir. 1994) ("[A]fter the 30 days have expired a district judge may not remand on its own motion for non-jurisdictional problems.") (citing *Maniar v. FDIC,* 979 F.2d 782, 785-86 (9th Cir. 1992); *FDIC v. Loyd*, 955 F.2d 316 (5th Cir. 1992); *Air-Shields, Inc. v. Fullam*, 891 F.2d 63, 65 (3d Cir. 1989). The forum defendant rule is nonjurisdictional and is waived if not raised

4

by the plaintiff in the appropriate time. *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000).[1]

This just leaves the remainder of the parties' filings, including Union Federal's motion to appoint a receiver and a motion for a pretrial hearing, as well as Paul's counterclaims, a motion to dismiss the case and a motion to strike Union Federal's motion to appoint a receiver. Assuming Paul timely submits supplemental materials showing that this court can exercise diversity jurisdiction over the case, the court will schedule a hearing to discuss how best to proceed with these various pending motions.

ORDER

IT IS ORDERED that defendant Randy Paul has until February 27, 2012, to file a supplement to his notice of removal verifying the citizenship of plaintiff Union Federal and defendants Dan Schilling and Madison Gas & Electric Company.

Entered this 13th day of February, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] Similarly, Union Federal also waived another non-jurisdictional defect in Paul's failure to have all defendants join in removal timely. *See, e.g., P. P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.* 395 F.2d 546, 547 (7th Cir. 1968) ("Defendants, then, are to be treated collectively; and, as a general rule, all defendants who may properly join in the removal petition must join." (citation omitted)).