IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNION FEDERAL SAVINGS & LOAN
ASSOCIATION,

                          Plaintiff,                          ORDER

    v.

                                                            11-cv-542-wmc

RANDY L. PAUL, DAN SCHILLING,
CITY OF MADISON and MADISON GAS
& ELECTRIC COMPANY,

                        Defendants.

In a February 13, 2012 order, the court directed defendant Randy Paul to verify the citizenship of the parties in order to support his assertion that the court has diversity jurisdiction over this removed foreclosure action. Paul has submitted a response to this order that falls short of proving the diversity of the parties. Accordingly, this case will be remanded to state court.

Paul was directed to verify the citizenship of plaintiff Union Federal Savings and Loan Association and defendants Dan Schilling and Madison Gas & Electric Company.[1] He fails with respect to all three parties. Paul provides a web address and copy of the homepage for what he says is Union Federal's website. This document states that Union Federal's corporate office is in Kewanee, Illinois.

Rather than directly dispute Paul's assertion that it is an Illinois citizen, Union Federal notes that the court instructed Paul to "verify" the parties' citizenship, cites Black's

---

[1] The court has already accepted defendant Paul's assertion that he is a Wisconsin citizen.

Law Dictionary's definitions of the word "verify"[2] and argues that Paul has merely alleged, rather than "verified" its citizenship: Paul "fails to demonstrate that he has any personal knowledge that the exhibit is in fact a true and correct copy of the actual webpage of Union Federal or that its content is accurate." Dkt. 33, at 2.

Even if the court were to reject Union Federal's argument as overly technical and unfair, particularly to an opponent proceeding without the aid of a lawyer, this case would have to be remanded because Paul fails to provide *any* information about the citizenship of defendants Dan Schilling and Madison Gas & Electric Company. Rather, Paul argues that "as to the others, [j]urisdiction has been waived." Dkt. 32, at 2. This assertion is incorrect. Unlike other defects in a notice of removal, "[s]ubject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012). Indeed, the Seventh Circuit Court of Appeals has repeatedly emphasized this court's *obligation* to dismiss a case for lack of subject matter jurisdiction. *See Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) ("Subject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself."). Because Paul has failed to comply with the court's February 13, 2012 order, this case must be remanded.

---

[2] "1. To prove to be true; to confirm or establish the truth or truthfulness of; to authenticate. 2. To confirm or substantiate by oath or affidavit; to swear to the truth of." *Black's Law Dictionary* 1698 (9th ed. 2009).

ORDER

IT IS ORDERED that this case is REMANDED to the Dane County Circuit Court.

Entered this 6th day of March, 2012.

        BY THE COURT:

        /s/

        _____
        WILLIAM M. CONLEY
        District Judge